﻿Citation Nr: AXXXXXXXX
Decision Date: 08/29/19 Archive Date: 08/28/19

DOCKET NO. 190311-6056
DATE: August 29, 2019

ORDER

Entitlement to service connection for Alzheimer’s disease is granted.

FINDING OF FACT

The Veteran’s Alzheimer’s disease began during service.

CONCLUSION OF LAW

The criteria for service connection for Alzheimer’s disease have been met. 38 U.S.C. §§ 1110, 1131, 5103, 5103A, 5107; 38 C.F.R. §§ 3.102, 3.159, 3.303 

REASONS AND BASES FOR FINDING AND CONCLUSION

The Board notes that the rating decision on appeal was issued in March 2019. In March 2019, the Veteran elected the modernized review system. 84 Fed. Reg. 138, 177 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 19.2(d)).

The Veteran served on active duty from May 1990 to November 2006. He appeals a March 2019 AMA rating decision by the Agency of Original Jurisdiction (AOJ) denying service connection for Alzheimer’s disease.

The Veteran selected the Higher-Level Review lane when he opted in to the Appeals Modernization Act (AMA) review system by submitting a Rapid Appeals Modernization Program (RAMP) election form. Accordingly, the March 2019 AMA rating decision considered the evidence of record as of the date VA received the RAMP election form. The Veteran timely appealed this rating decision to the Board and requested direct review of the evidence considered by the AOJ.

Service Connection

A Veteran is entitled to VA disability compensation if there is a disability resulting from personal injury suffered or disease contracted in the line of duty in active service, or for aggravation of a preexisting injury suffered or disease contracted in the line of duty in active service. 38 U.S.C. §§ 1110, 1131.

Generally, to establish a right to compensation for a present disability, a veteran must show: (1) a present disability; (2) an in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service, the so-called “nexus” requirement. Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004).

Service connection may be granted for any disease diagnosed after discharge, when all of the evidence, including that pertinent to service, establishes that a disease was incurred in service. 38 C.F.R. § 3.303(d).

In a March 2019 AMA rating decision, the AOJ favorably found the Veteran has Alzheimer’s disease. See March 2019 AMA rating decision. Accordingly, the fundamental factual dispute in this case is whether the Veteran’s Alzheimer’s disease began in service.

The Board first recognizes that the Veteran served continuously on active duty many years until November 2006. In support of his claim, the Veteran submitted three credible statements from his wife and former soldiers that attested to the Veteran’s demeanor and diminishing mental state in service. Specifically, C.H., who worked with the Veteran from 1990 to 2006 in the military, noted many cases of absentmindedness and trouble with basic airmanship in the Veteran towards the end of his military duty. See November 2017 C.H. statement. The reason it was noticeable to C.H. was because the Veteran “had always been an excellent pilot so any diminished skills were easy to spot.” Id. F.K. noticed a similar decline. See November 2017 C.H. statement.

Importantly, the record contains two positive onset opinions. Based on his expertise and treatment of the Veteran for over seven years, the Veteran’s neurologist opined it was “extremely likely that [the Veteran] was in at least the early stages of Alzheimer’s at the time of his discharge from the service.” See November 2017 Dr. R.D. medical opinion. Shortly thereafter, a VA psychologist found the Veteran’s Alzheimer’s disease “presented during military service with more pronounced symptomatology being identified during his deployment to a war zone.” See January 2018 VA examination report.

As the lay and medical evidence overwhelmingly demonstrates the Veteran’s Alzheimer’s began in service, service connection for Alzheimer’s is warranted. 

 

DONNIE R. HACHEY

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board M. Salazar, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.